[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on June 14, 1980 in Westport, Connecticut. They have lived continuously in this state since that time. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§46b-81, 46b-82 and 46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for 20 years. Neither party has been faithful to the other or to their marriage vows. The plaintiff was not aware of all of the defendant's transgressions which outnumbered hers. The plaintiff claimed she married the defendant because she was angry with her previous boyfriend. Clearly, this was not a marriage made in CT Page 8371 heaven. The plaintiff was angry throughout the trial. She failed to fully and completely comply with the subpoena issued by the defendant's counsel. She was unable to answer simple questions without a tirade against the defendant. Her claims for relief in her proposed orders would leave the defendant with virtually nothing.
Both parties worked throughout the marriage. The plaintiff has an earning capacity of approximately $45,000 to $47,000 per year. The defendant earns approximately $48,500 per year. The defendant also has income from his second job — a garage — which he operates on weekends.
The defendant turned over his paycheck to the plaintiff, who took charge of managing the parties' funds and paying the bills.
The defendant cashed in a $5,000 life insurance policy and used some of the proceeds for the daughter's college tuition. The daughter of the parties is over the age of 18 years.
The plaintiff has accumulated many antiques over the years for which no value was given.
No useful purpose would be served by a review of all the evidence presented in this matter. Both parties alleged drugs and affairs as against the other. It was an unhappy marriage for both parties for many years. On the parties' last vacation, the plaintiff planned a family trip which included her mother whom the defendant does not get along with. The parties argued over this and thereafter the defendant left the marital home. He is currently living with another person.
In spite of the shortcomings of the defendant, the court declines to assess fault to either party. Both parties must take responsibility for the breakdown of the marital relationship.
REAL ESTATE
The parties purchased their marital home at 51 Kings Court, Derby, Connecticut approximately ten years ago for $133,000. The parties remodeled and renovated this home including an addition. The defendant did the bulk of the heavy work with money from their joint account. The defendant realized a settlement of $10,000 from a Workmen's Compensation case which went toward the down payment for the home.
The property was appraised for $153,000. The defendant felt the property had a value of $160,000 based on the remodeling work he performed on the home. The outstanding mortgage is approximately CT Page 8372 $109,000.
It is ordered:
 1) The marital home located at 51 Kings Court, Derby, Connecticut shall be listed and placed on the real estate market for sale forthwith at a listing price to be determined by the listing agent, but in no event for less than $153,000.
 2) The net proceeds from the sale shall be divided 55% to the plaintiff and 45% to the defendant. The net proceeds shall be defined as the gross sales price less the mortgage, real estate commission, attorney's fees, usual and customary closing costs, including taxes and adjustments.
 3) The plaintiff shall be entitled to sole occupancy of the marital home until it is sold. The wife shall be responsible for all repairs and maintenance until the property is sold.
 4) The parties shall each pay one-half of the monthly mortgage payment which includes real estate taxes and insurance (approximately $632 per month each) until the property is sold.
 5) In the alternative, the plaintiff wife shall have the right to buy out the defendant's interest to said property for $20,000 (twenty thousand dollars) in cash within 60 days of the date hereof.
 6) The court shall retain jurisdiction over any disputes arising out of the sale or transfer of this real estate.
ALIMONY
 1. Commencing on the first Friday after the closing and/or transfer of title of the real estate, the defendant shall pay to the plaintiff as alimony the sum of $75 per week for a period of three years or the sooner death, remarriage or cohabitation of the plaintiff, or the death of the defendant, whichever event shall first occur. CT Page 8373
 2. Said award of alimony shall be non-modifiable as to term and amount and is to assist the plaintiff in the transition period as a result of the sale or transfer of the real estate. The court has taken into account the additional income earned by the defendant from his garage job. The court has also considered the plaintiff's steady employment for a long period of time and her ability to earn overtime. Both parties are in good health.
PERSONAL PROPERTY
 1. The defendant shall be entitled to the 1968 Chevrolet pickup trick and the 1987 BMW. The plaintiff shall execute whatever documents necessary to transfer title.
 2. The plaintiff shall be entitled to the 1993 Mercury motor vehicle. The defendant shall execute whatever documents necessary to transfer title.
3. The defendant shall be entitled to the following items:
a. His hunting equipment;
b. All fishing equipment;
 c. All plumbing, carpentry, automotive and electrical tools and equipment;
 d. The 1976 Cruise Craft boat and all clamming and boating equipment; and
 e. Personal items of the defendant, in the marital home.
 4. The remaining contents of the marital home shall be equally divided between the parties as they shall agree. If the parties are unable to agree, then the matter is referred to Family Services for mediation. If mediation is not successful, then the parties shall return to court for a hearing and orders thereon. The court shall retain jurisdiction in this matter.
 5. Each party shall be entitled to their respective savings/checking accounts, money market accounts and federal credit union accounts as set forth on their CT Page 8374 respective financial affidavits.
PENSIONS
 1. The plaintiff shall be entitled to 50% of the defendant's pension, to be secured by a QDRO to be prepared at the plaintiff's expense.
 2. The defendant shall be entitled to 50% of the plaintiff's TSA Fidelity pension and 50% of the plaintiff's YNHHS pension, to be secured by QDRO's and to be prepared at the defendant's expense.
MEDICAL COVERAGE
The plaintiff shall be entitled to COBRA benefits as are available through the defendant's employment, at her expense.
COUNSEL FEES
No counsel fees are awarded to either party.
The Court
 By ______________________ Coppeto, J.